Lee v. Booher

*Jean K. Perkins*, for plaintiffs
*Norman J. Barilla*, for defendant Gloria Brothers

HODGE, *J.*, August 7, 2013—This opinion is issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Civil Procedure in support of the order of court dated June 18, 2013.

The plaintiffs, Christina Ann Lee and Marvin Ezra Lee (hereinafter, "plaintiffs") initiated the instant action by filing a complaint for custody in the Court of Common Pleas of Lawrence County, Pennsylvania on April 8, 2013. Plaintiffs are the paternal aunt and uncle of the minor child, Charity Demure Booher, born November 15, 2007. In their custody complaint, plaintiffs named Clifford Darl Booher, Tashina Chanel Booher and Gloria Brothers as defendants. Clifford Darl Booher (hereinafter, "father") is the natural father of the minor child. Tashina Chanel Booher (hereinafter, "mother") is the natural mother of the minor child. Gloria Brothers (hereinafter, "maternal grandmother") is the maternal grandmother of the minor child.

Maternal grandmother was served with a copy of the complaint on April 11, 2013. Forty-eight days later, on May 29, 2013, maternal grandmother filed preliminary objections challenging venue and the legal sufficiency of the pleadings. A custody conciliation conference was subsequently held on June 3, 2013. Following the

conference, this court entered an order on June 18, 2013, which provided Plaintiffs with temporary primary custody and sole legal custody of the minor child. Mother and maternal grandmother were awarded partial custody rights on two weekends out of every three weekends. Father is currently incarcerated at the Allegheny County Jail in Pittsburgh, Pennsylvania. Father was not awarded custody for this reason.

On June 7, 2013, maternal grandmother presented a petition for emergency relief asking this court to stay further proceedings in Lawrence County, Pennsylvania pending a erred in granting plaintiffs standing in the instant case, without an evidentiary hearing to determine whether plaintiffs can established *in loco parentis* status.

Section 5324 of the Pennsylvania Domestic Code sets forth the requirements to obtain standing in a custody contest. Section 5324 provides:

The following individuals may file an action under this chapter for any form of physical custody or legal custody:

(1) A parent of the child.

(2) A person who stands in loco parentis to the child.

(3) A grandparent of the child who is not in loco parentis to the child:

(i) whose relationship with the child began either with the consent of a parent of the child or under a court order;

(ii) who assumes or is willing to assume responsibility for the child; and

(iii) when one of the following conditions is met:

(A) the child has been determined to be a dependent child under 42 Pa.C.S. Ch. 63 (relating to juvenile matters);

(B) the child is substantially at risk due to parental abuse, neglect, drug or alcohol abuse or incapacity; or

(C) the child has, for a period of at least 12 consecutive months, resided with the grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, in which case the action must be filed within six months after the removal of the child from the home.

23 Pa.C.S.A. §5324.

As a general rule, third parties (other than grandparents) do not have standing to participate in child custody actions. *Morgan v. Weiser*, 923 A.2d 1183, 1186 (Pa. Super. 2007). An exception exists, however, which permits a third party to maintain an action for custody, where the third party stands *in loco* parentis to the child. *Id.* at 1002.

"The phrase '*in loco parentis*' refers to a person who puts oneself in the situation of a lawful parent by assuming the obligations incident to the parental relationship without going through the formality of a legal adoption. The status of *in loco parentis* embodies two ideas; first, the assumption of a parental status,

and, second, the discharge of parental duties."

*T.B. v. L.R.M.*, 786 A.2d 913, 916-17 (Pa. 2001).

Our courts have recognized that the child's best interest requires that one who is *in loco parentis* be granted standing so as to have the opportunity to fully litigate the issue of whether that relationship should be maintained, even over a natural parent's objections. *J.A.L. v. E.P.H.*, 682 A.2d 1314, 1320 (Pa. Super. 1996). Standing will be found where the child has established strong psychological bonds with a person who, although not a biological parent, has lived with the child and provided care, nurture, and affection, assuming in the child's eye a stature like that of a parent. *Id.*; *see also*, *J.A.L. v. E.P.H.*, 682 A.2d 1314, 1319-20 (1996)).

Upon review of the record, the court concludes that maternal grandmother has filed a notice of appeal to the Superior Court of Pennsylvania before this court, which could hold an evidentiary hearing to address maternal grandmother's second preliminary objection, challenging plaintiffs' standing in the instant action. In the Court of Common Pleas of Lawrence County, upon filing the initial complaint in custody, a custody conciliation conference is promptly scheduled before the custody conciliation officer, pursuant to Rule 1915.4 (a) and 1915.4-3. Plaintiff's complaint was filed on April 8, 2013, and a conference was scheduled for June 3, 2013. As previously stated, maternal grandmother filed her preliminary objections on May 29, 2013. Although maternal grandmother's preliminary objections are untimely, the court acknowledges the issue

of standing cannot be waived and scheduled argument for August 9, 2013. Pending argument on maternal grandmother's preliminary objections, this court entered a *temporary* custody order that reflected the status quo established between the parties.

For the reasons set forth above the court believes that maternal grandmother's appeal is premature. The temporary custody order issued on June 18, 2013 should remain in effect until this court has the opportunity to address the merits of maternal grandmother's objections.

## ORDER OF COURT

And now, this 7th day of August, 2013, with the court having received plaintiffs' concise statement of errors complained of on appeal and issuing a supplemental opinion in support of the order of court issued on June 18, 2013, pursuant to Pa.R.App.P. 1925(a)(2)(ii), the court hereby directs the Prothonotary of Lawrence County to assemble the record and transmit the same to the prothonotary of the Superior Court as required by the applicable rules of appellate procedure.

The prothonotary is further directed to file the attached correspondence of record and serve notice said correspondence along with a copy of this order of court and attached opinion upon counsel of record for the parties and upon any unrepresented party at their last known address as contained in the court's file.